*1049 OPINION.
Love:
The petitioner now contends that the amount of $6,432.33 disallowed as a deduction for expenses during the year 1917, constitutes a capital expenditure prior to that period and should be included in the petitioner’s assets for the purpose of depreciation for all of the years involved herein.
*1050 At the hearing conducted in this appeal no evidence whatever was adduced to show the nature of the expenditure made with respect to and classified on petitioner’s books as buildings and equipment. Simply because of this classification on the books we can not assume that the expenditures were made for capital assets. For all we know, the equipment may have had a life of only one year and the expenditure classified as “ building ” may have been for repairs not of a capital nature. These expenditures, therefore, under the showing made, are not properly allocable to capital assets.
The expenditure of $1,973.70 for well construction, in our opinion, was for a capital asset. However, the evidence with respect to the depreciation of this asset is very unsatisfactory. It was shown that the well had been in operation for about ten years and during that time no further expenditures had been made on it. It was further shown that its water capacity had diminished in some degree since it was sunk but that it is still in use. Upon this showing we are unable to fix the rate of depreciation thereon, for like Jacob’s well of old, it may last indefinitely. This asset may, therefore, be one which, by its very nature, is not depreciable.
With respect to the second error alleged, the petitioner admitted and the evidence shows that the depreciation claimed on horses and wagons was reflected for the years 1917 and 1918, in the losses shown on the inventory of that account, which losses were allowed by the Commissioner as a deduction from gross income for those years. For the years 1919 and 1920, losses shown on the inventory of horses and wagons were also deducted from gross income for those years and the deduction allowed by the Commissioner. The petitioner • was unable to state whether depreciation on horses and wagons was for 1919 and 1920, as it was in the former years, reflected in the losses shown in the inventory of horses and wagons. In the absence of affirmative evidence to the contrary, we must approve the Commissioner’s determination in disallowing depreciation thereon.

Judgment will be entered for the respondent.

Considered by Smith and LittletoN.